76 F.3d 380
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert B. TOMKO, Plaintiff-Appellant,
v.
Merlin D. CANTER, Police Chief; City of Maple Heights,
Defendants-Appellees.
 No. 95-3494.
 United States Court of Appeals, Sixth Circuit.
 Jan. 31, 1996.
 
 Before: MARTIN, GUY and RYAN, Circuit Judges.
 
 ORDER
 
 1
 Robert B. Tomko appeals pro se a district court summary judgment in favor of the defendants in this civil rights action filed pursuant to 42 U.S.C. § 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Tomko's sixteen page narrative complaint does not contain a jurisdictional allegation at the outset, and is not broken down into separate specific claims for relief. It does set forth in some detail the circumstances of Tomko's thirty day confinement in the Maple Heights City Jail commencing September 23, 1991, during the course of which Tomko was removed for two days to the Meridia Suburban Hospital by reason of his suffering a seizure episode of unknown origin. Tomko was incarcerated after being convicted in the Garfield Heights Municipal Court of disorderly conduct.
 
 
 3
 In their motion for summary judgment, the defendants analyzed Tomko's complaint as inherently containing the following claims for relief: 1) plaintiff's disorderly conduct conviction was unlawful, so that his incarceration was per se violative of his civil rights; 2) the conditions of confinement at the Maple Heights City Jail constituted cruel and unusual punishment in violation of the Eighth Amendment; 3) the Maple Heights City Jail does not meet the minimum standards for jails in Ohio; 4) the City improperly submitted the bills for the plaintiff's medical expenses to Medicare for payment; and 5) the plaintiff suffered extreme emotional distress as a result of his incarceration. Tomko sought monetary relief.
 
 
 4
 A magistrate judge recommended that summary judgment be granted in favor of the defendants. Despite Tomko's objections, the district court adopted the report and recommendation as the opinion of the court.
 
 
 5
 Upon review, we conclude that summary judgment was proper as there is no genuine issue as to any material fact and the defendants are entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); see City Mgmt. Corp. v. U.S. Chem. Co., 43 F.3d 244, 250 (6th Cir.1994).
 
 
 6
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.